UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KEVIN W. STANBRIDGE,

      Plaintiff,

v.                                                                                  07-CV-3001

JONATHAN H. BARNARD,
      Defendant.

### Order Denying Petition to Proceed In forma Pauperis

    The plaintiff is being civilly detained under the Sexually Violent Persons Commitment Act, 725 ILCS 207/1 *et seq*. He is confined in the Illinois Department of Human Services' Detention and Treatment Facility in Rushville, Illinois.

    The plaintiff seeks leave to proceed *in forma pauperis*. 28 U.S.C. Section 1915(a)(1) gives the court the discretion to allow an indigent plaintiff to commence an action without prepaying fees or giving security. "This privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649 (7th Cir. 1972). Cases proceeding *in forma pauperis* must be dismissed if the court determines the allegation of poverty is untrue, or if the court determines that an action is frivolous, malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). There is no point in granting an *in forma pauperis* petition only to dismiss the entire case for failure to state a claim. Accordingly, the court grants leave to proceed *in forma pauperis* only for federally cognizable claims.

    In determining whether the Complaint states a claim, the court liberally construes the plaintiff's allegations, accepting them as true. *Haines v. Kerner*, 404 U.S. 519 (1972). The court will deny leave to proceed in forma pauperis only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521.

    The plaintiff was convicted of aggravated criminal sexual abuse and sentenced to seven years in prison. On appeal, his conviction was reversed and remanded, the Illinois Appellate Court finding prejudicial error in the trial court's admission of other-crimes evidence. *People v. Stanbridge*, 348 Ill.App.3d 351 (4th Dist. 2004). The State appealed to the Illinois Supreme Court, and while that appeal was pending, Defendant Barnard, then an Assistant States Attorney for Adams County, wrote an improper, false and prejudicial letter to the Illinois Attorney General, in order to persuade the Attorney General to pursue civil commitment proceedings

1

against the plaintiff.  Barnard also used the plaintiff's picture and information in commercials to support Barnard's campaign for Adams County State's Attorney.  The Illinois Supreme Court ultimately denied review of the appeal, and the plaintiff was released on bond on November 10, 2004.

Barnard tried the plaintiff again in April 2005, despite the fact that the plaintiff had already nearly served his entire sentence after the first conviction.  Barnard maliciously pursued the second conviction in order to lay the groundwork for pursuing indefinite civil commitment of the plaintiff as a sexually violent person.  At the second trial, Barnard made highly prejudicial closing remarks to the jury that were not supported by the evidence (for example, "I will say to you folks that the only thing that stands between the defendant and that door is the jury").  Barnard made these prejudicial comments in order to tip the scales "beyond reasonable doubt."  The jury in the second trial also convicted the plaintiff.   The plaintiff is in the process of appealing the second conviction.  On May 3, 2005, the plaintiff  was re-sentenced to the original 7 years.  However, he had only seven days left to serve, which he did serve in IDOC.

The day of the sentencing hearing (May 3, 2005), a petition was filed to civilly commit the plaintiff as a sexually violent person.  Plaintiff's counsel received only one hour's notice of the probable cause hearing.  At the probable cause hearing, the psychiatrist admitted that his evaluation was based solely on information provided to him, including the letter from Barnard to the Attorney General in 2004.  The psychiatrist conceded that he had not interviewed the plaintiff.

The plaintiff seeks damages and a declaration that Barnard violated his due process rights.

*Analysis*

Barnard, as a prosecutor, is absolutely immune from a lawsuit for damages for initiating charges and prosecuting the plaintiff, and for his advocacy during trial, including his closing remarks at the plaintiff's second criminal trial.  *Kalina v. Fletcher*, 522 U.S. 188 (1997); *Burns v. Reed*, 500 U.S. 478 (1990); *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Mendenhall v. Goldsmith*, 59 F.3d 685, 689-91 (7th Cir. 1995).

It is not clear if the plaintiff is attempting to pursue a claim against Barnard based on the letter Barnard wrote to the AG in 2004.  Barnard is probably protected by absolutely immunity for the letter as well — part of Barnard's advocacy in supporting and pursuing the plaintiff's civil commitment.  *See* 725 ILCS 207/15 (Attorney General consults with the county state's attorney before deciding whether to file a petition under the Sexually Violent Persons Commitment Act.  If the Attorney General does not file a petition, the county state's attorney may file a petition.  The county state's attorney and Attorney General may also file a petition jointly); *see also Lucien v. Preiner*, 967 F.2d 1166 (7th Cir. 1992)(prosecutor absolutely immune for allegedly false letter in opposition to application for executive clemency).  The letter is not attached, however, so the court cannot determine its context and purpose beyond doubt.

In any event, the plaintiff is essentially alleging that the false, irrelevant and prejudicial statements in the letter caused the judge to find probable cause for the plaintiff's civil commitment. This is a challenge to the validity of the plaintiff's confinement, for if the plaintiff was confined based on false, prejudicial and insufficient evidence, he should be released. Claims that imply the invalidity of confinement can proceed in federal court only as a habeas corpus action (if they can proceed at all). *See Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 422 U.S. 475, 489 (1983)("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."); *Adams v. Bartow*, 330 F.3d 957 (7th Cir. 2003)(example of challenge to civil commitment through habeas corpus action)[1]. As with his criminal conviction, the plaintiff's remedy at this point lies in exhausting all his state avenues of appeal.

IT IS THEREFORE ORDERED that the plaintiff's petition for leave to proceed *in forma pauperis* is denied (d/e 1). This case is terminated. The plaintiff's motion for appointment of counsel is denied as moot (d/e 2).

Entered this 2nd Day of February, 2007.

**s\Harold A. Baker**
_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

---

[1]The plaintiff is civilly committed, but he is still challenging the validity of his state confinement, so *Heck* and progeny apply. **The court is not saying that the plaintiff should pursue a federal habeas corpus action.** The court is only saying that the plaintiff cannot pursue an action under 42 U.S.C. Section 1983 until his confinement is otherwise invalidated. The plaintiff should carefully consider the legal consequences of pursuing a habeas corpus action. For example, habeas corpus actions have strict time limits and require prior exhaustion of state remedies. 28 U.S.C. § 2254(b)(1); *see also* Rule 9 governing 28 U.S.C. § 2254 cases (generally limiting petitioners to one petition). Pursuing a habeas action prematurely could bar later petitions regardless of merit.